## Kohr Estate

*Thomas A. Ehrgood*, for proponent.
*Allen H. Krause*, for contestant.

WALTER, *J.*, January 6, 1976—Clara B. Kohr died January 23, 1975. Four days later, the Register of Wills of Lebanon County admitted to probate a writing purportedly the last will and testament of Miss Kohr and awarded letters testamentary to her nephew, Richard B. Sheffey. On May 20, 1975, another nephew, Herbert W. Kohr filed a petition for citation sur appeal from register of wills, alleging the incompetency of testatrix at the time she made the will and undue influence by the sole beneficiary, a sister Lillie M. Sheffey, and Mrs. Sheffey's son, the nephew appointed executor.

The court directed a citation to all next of kin respecting the appeal and the grounds therefor. An

answer was filed by the sole beneficiary and the executor. Subsequently, petitioner filed motions requesting the court to direct decedent's executor to produce for inspection and copying the medical and hospital records from January 1, 1973, to March 14, 1974, concerning Miss Kohr's illness.

A rule was issued; an answer was filed alleging privileged communication, lack of possession by the executor and improper procedure. Listed for argument, the issues so joined were submitted on briefs.

Respondent, Richard B. Sheffey, having agreed to the production of the requested hospital records covering the period of May 2, 1963, to March 14, 1974, the sole question before the court involves the medical records. We hold that they, too, shall be produced for examination and copying.

The procedure pursued by petitioner is not improper. The matter comes well within the purview of discovery rules, subject to the limitations imposed by them, those pertaining to privilege. Furthermore, while respondent doubtless does not possess the records in question, he stands in the position of one who has *control* over them in his capacity as personal representative of Miss Kohr's estate: Pa.R.C.P. 4009(1).

Pa.R.C.P. 4011(c) states "[n]o discovery or inspection shall be permitted which (c) relates to matter which is privileged . . ." The query then is whether the subject matter, the records of the physicians involved, is privileged.

Of the two issues respecting the appeal from probate, the one for our consideration is that of the alleged incompetency of testatrix, Miss Kohr. She was under the care of Richard D. Schreiber, M.D. from January 3, 1973, to May 3, 1973. Thereafter,

Shirk, Schaeffer and Hallahan Medical Services took Miss Kohr under their care. Their individual records will probably reflect the findings each doctor noted from the examinations conducted and observations made on visits with his patient.

It has long been the law of this Commonwealth that a physician's privilege does not extend to information acquired by him in physically examining his patient. The Supreme Court in Phillips's Estate, 295 Pa. 349, 145 Atl. 437 (1929), established that construction of the Act of June 7, 1907, P.L. 462, sec. 1, 28 P.S. §328, when it distinguished the broad language (e.g., "information") contained in the body of the statute from that used in its title. The latter clearly sets forth ". . . communications made to them [physicians and surgeons] by their patients" as the matter subject of privilege. The court said ". . . however broad a construction would otherwise be given to the word 'information' in the body of the act, its constitutional scope cannot be extended beyond 'communications,' and this limitation must be still further restricted by the words 'made *to* them [the physicians and surgeons] *by* their patients.'" (Italics in original.) Hence, the records of the physicians in this case to the extent they do not divulge communications, clearly must be made available to petitioner.

What then of notations made by the physicans resulting from talking with their patient? The privilege is further restricted by the statute to communications which substantially would tend to blacken the character of the patient. Respondent contends, in effect, that any information acquired by the physicans from Miss Kohr in talking with her which bears on the matter of her alleged incompetency, if revealed and supportive of petitioner's allegations, would blacken her character.

In this age of enlightenment regarding mental disorders, it is generally understood that incompetency due to organic and physical causes is something over which no mortal so afflicted has control. Thus, the court sees no stigma here.

For comparison, see Phillips's Estate, supra, where the Supreme Court permitted the testimony of physicians on their opinions the patient was not competent to make a will because she was suffering from paresis (caused by syphilis). Their opinions, of necessity, were based not only on physical examinations but on talking with the patient. There is nothing as extreme as that before us.

Accordingly, we make the following

## ORDER

And now, to wit, January 6, 1976, Richard B. Sheffey, Executor of the Estate of Clara B. Kohr, is directed to authorize, within 15 days of the date of this order, the inspection and copying of the medical records made by Richard D. Schreiber, M.D., on Miss Kohr from January 1, 1973, to May 3, 1973, and made by Shirk, Schaeffer and Hallahan Medical Services on Miss Kohr from May 2, 1973, to March 14, 1974, as requested by petitioner.